UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**               'O'

| Case No. | 2:25-cv-00373-CAS(MAAx) | Date | February 24, 2025 |
|---|---|---|---|
| Title | Collette Rochelle Stewart v. Allstate Insurance Company et al | | |

| Present: The Honorable | CHRISTINA A. SNYDER | |
|---|---|---|
| Catherine Jeang | Deborah Parker | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Susan Huerta | Tomas Ortiz |

**Proceedings:** ZOOM HEARING RE: MOTION TO COMPEL ARBITRATION (Dkt. 9, filed on January 21, 2025)

## I.   INTRODUCTION

On November 7, 2024, plaintiff Collette Rochelle Stewart ("Stewart") filed this action against Allstate Insurance Company ("Allstate") and Does 1 through 30 in Los Angeles Superior Court, alleging ten claims for relief: (1) discrimination based on physical or mental disability in violation of California Government Code §§ 12940(a) and 12926(o); (2) failure to accommodate actual or perceived physical or mental disability in violation of California Government Code § 12940(a); (3) failure to engage in good faith interactive process in violation of California Government Code § 12940(n); (4) discrimination based on race and national origin in violation of California Government Code §§ 12940(a) and 12926(o); (5) harassment creating a hostile workplace environment in violation of California Government Code §§ 12940(a) and 12926(o); (6) failure to prevent discriminatory practices in violation of California Government Code § 12940(k); (7) Fair Employment & Housing Act retaliation in violation of California Government Code § 12940(h); (8) retaliation for requesting/taking California Family Rights Act leave in violation of California Government Code § 12900, *et seq.*; (9) retaliation in violation of California Labor Code § 1102.5; and (10) wrongful termination in violation of public policy.  Dkt. 1-1 ("Compl.").

On January 14, 2025, Allstate removed the case to this Court on the basis of diversity jurisdiction.  Dkt. 1.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

### CIVIL MINUTES – GENERAL          'O'

| Case No. | 2:25-cv-00373-CAS(MAAx) | Date | February 24, 2025 |
|---|---|---|---|
| Title | Collette Rochelle Stewart v. Allstate Insurance Company et al | | |

On January 21, 2025, Allstate filed the instant motion to compel arbitration. Dkt. 9 ("Mot."). On February 3, 2025, Stewart filed her opposition. Dkt. 11 ("Opp."). On February 10, 2025, Allstate filed its reply. Dkt. 13 ("Reply").

On February 24, 2025, the Court held a hearing. At the hearing, both parties stipulated to the Court's tentative ruling. Having carefully considered the parties' arguments and submissions, the Court finds and concludes as follows.

## II. BACKGROUND

In her complaint, Stewart alleges that she worked as a Project Manager for Allstate from about January 22, 2022, to November 16, 2023. Compl. ¶ 8. She alleges that she worked in the Personal Line sector and was "rated … as meeting expectations and awarded … a bonus." Id. ¶ 9. In about November 2022, she claims was moved to the Commercial Line, told her supervisor that she did not have experience there and had not requested the transfer, and ultimately requested a mentor in order to succeed. Id. ¶¶ 10-11.

In about January 2023, Stewart alleges that she was assigned a new supervisor, and "was assigned projects in which she was overseeing the work of subrogation advocates without any prior subrogation experience," about which she voiced concerns. Id. ¶¶ 12-13. Stewart claims she learned that projects with which she had prior experience were being assigned to individuals with less experience and she "felt slighted." Id. ¶ 14. Stewart alleges that she "began to feel that she was unduly criticized because she was the only African American on her team" and that her "work was criticized more than anyone else on her team, including lower performing coworkers." Id. ¶ 15. Stewart claims that she voiced these concerns on or about June 9, 2023, and was assured that Allstate would conduct an internal investigation. Id. ¶¶ 16-18. Stewart alleges that she ultimately took a leave of absence because of the stress of the work environment, and that upon her return received an apology from her supervisor for prior mistreatment. Id. ¶¶ 19-20. Stewart claims that she voiced fears of retaliation and sought, but was denied, a transfer. Id. ¶ 21. Stewart details alleged retaliation and how her supervisor "nitpicked [her] work." Id. ¶¶ 22-24. Stewart details her review process and that she was placed on a performance improvement plan "in retaliation for making complaints and taking a leave of absence." Id. ¶¶ 26-29. Stewart alleges that she was ultimately terminated and that "[u]pon

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**                       'O'

| Case No. | 2:25-cv-00373-CAS(MAAx) | Date | February 24, 2025 |
|---|---|---|---|
| Title | Collette Rochelle Stewart v. Allstate Insurance Company et al | | |

information and belief, [she] was terminated due to her race, disability, and disability request for accommodations." Id. ¶ 31.

As part of her onboarding at the outset of her employment, Allstate alleges that Stewart and Allstate entered into a Mutual Arbitration Agreement (the "Agreement") which provides:

> You agree to arbitrate any and all claims against Allstate that could be brought in a court, including, without limitation, all claims arising directly or indirectly from your employment or termination. This Agreement includes, without limitation, claims under federal, state, and/or local statutes, regulations, ordinances, and/or common law. This Agreement is governed by the Federal Arbitration Act. Allstate agrees to arbitrate any and all claims against you.

Mot. at 1 (quoting dkt. 9-1 (the "Agreement") ¶ 1). Allstate claims that the instant dispute is governed by this provision, and therefore must be resolved through arbitration. Id.

## III. LEGAL STANDARD

The Federal Arbitration Act ("FAA") provides that "a contract evidencing a transaction involving commerce to settle by arbitration a controversy thereafter arising . . . shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. The FAA reflects a "liberal federal policy favoring arbitration agreements." Gilmer v. Interstate/Johnson Lane Corp., 500 U.S. 20, 25 (1991) (quoting Moses H. Cone Mem. Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 24 (1983)). The "first task of a court asked to compel arbitration of a dispute is to determine whether the parties agreed to arbitrate the dispute." Mitsubishi Motors Corp. v. Soler Chrysler–Plymouth, Inc., 473 U.S. 614, 626 (1985). The court must determine (1) whether there exists a valid agreement to arbitrate; and (2) if there is a valid agreement, whether the dispute falls within its terms. Chiron Corp. v. Ortho Diagnostic Sys., 207 F.3d 1126, 1130 (9th Cir. 2000).

When determining whether a valid and enforceable contract to arbitrate has been established for the purposes of the FAA, federal courts should apply "ordinary state-law

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**                              **'O'**

| Case No. | 2:25-cv-00373-CAS(MAAx) | Date | February 24, 2025 |
|---|---|---|---|
| Title | Collette Rochelle Stewart v. Allstate Insurance Company et al | | |

principles that govern the formation of contracts to decide whether the parties agreed to arbitrate a certain matter." First Options of Chicago, Inc. v. Kaplan, 514 U.S. 938, 944 (1995); Circuit City Stores v. Adams, 279 F.3d 889, 892 (9th Cir. 2002). "[A]greements to arbitrate [may] be invalidated by generally applicable contract defenses, such as fraud, duress, or unconscionability, but not by defenses that apply only to arbitration or that derive their meaning from the fact that an agreement to arbitrate is at issue." AT&T Mobility LLC v. Concepcion, 563 U.S. 333, 339 (2011). The party asserting a defense to the enforceability of an arbitration agreement has the burden of proving that defense by a preponderance of the evidence. See Engalla v. Permanente Med. Grp., 15 Cal.4th 951, 972 (1997).

### IV. DISCUSSION

To determine whether arbitration is appropriate, the Court must determine whether the parties are bound by the Agreement and whether the dispute at issue arises thereunder. Howsam v. Dean Witter Reynolds, Inc., 537 U.S. 79, 84 (2002). Because Stewart's opposition to arbitration focuses on whether the Agreement binds the parties, the Court first addresses the terms of the Agreement.

#### A. Applicability of the Agreement's Terms

Allstate argues that Stewart agreed to arbitrate all employment related disputes by entering into the Agreement. Mot. at 1. Allstate contends that there is "no question" that Stewart's claims "arise directly and exclusively from [her] employment with Allstate and the termination of that employment with Allstate, meaning that they are governed by the Agreement. Id. Allstate argues that because Stewart agreed to arbitrate her disputes, this suit must be dismissed. Id.

The Court concludes that the dispute falls within the terms of the Agreement, as the claims at issue are clearly "claims arising directly or indirectly from [Stewart's] employment or termination." Agreement ¶ 1. Stewart does not contest that if the Agreement is deemed valid, the dispute falls within its terms. See generally Opp.

#### B. The Agreement's Validity

Rather than contending that the dispute is not covered by the Agreement's terms, Stewart focuses her opposition on the notion that the Agreement is invalid as a whole. See generally Opp. Stewart argues that the Agreement is invalid because Allstate cannot

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| Case No. | 2:25-cv-00373-CAS(MAAx) | Date | February 24, 2025 |
|---|---|---|---|
| Title | Collette Rochelle Stewart v. Allstate Insurance Company et al | | |

prove she signed it and that if the Court finds she did sign the Agreement, it should nonetheless be invalidated on the basis of unconscionability. Id.

Stewart first argues that the Agreement is invalid because she "contends that she did not receive or sign the said [A]greement, electronically or physically." Opp. at 6. She argues that she "made numerous requests to Allstate that she did not receive her onboarding papers or had no access to the portal since [she] worked remotely." Id. Stewart argues that a defendant is able to meet its initial burden to show an arbitration agreement by attaching a copy of the agreement that purportedly bears the plaintiff's signature, but that if a plaintiff challenges the validity of the signature with sufficient evidence to create a factual dispute in opposition, the defendant is required to establish its authenticity by a preponderance. Id. at 6-7. Stewart argues that she "does not recall receiving and signing electronically (or physically) the … Agreement." Id. at 7. She contends that Allstate provided her with a link to a portal during her onboarding, but that it did not work, and she never heard back from Allstate regarding the issue, so she "ended up neither receiving nor signing any onboarding documents electronically or physically." Id. Stewart argues that during the time she worked at Allstate, she was never able to access the portal, nor did she receive access instructions. She argues that as a result of this contention, Allstate "needs to provide evidence that the electronic signature claimed to be [hers] is, in fact, authentic, or provide the same with a wet signature." Id. If Allstate fails to do this, she argues, the motion should be denied. Id. Stewart also argues that an agreement cannot be implied in fact in these circumstances. Id.

Stewart next argues that Allstate falsely claims that there is a federal policy in favor of resolving disputes through arbitration, and that this misleads the Court. Id. at 9. Instead, she argues, the federal policy is that arbitration contracts must be treated like all other contracts, and therefore that all traditional contracts defenses apply. Id.

Stewart contends that assuming, *arguendo*, that the Agreement were valid, it is unenforceable due to procedural and substantive unconscionability. Id. The agreement is procedurally unconscionable, she argues, because it is an adhesion contract, there was oppression, and there was surprise. Id. at 10. She argues it is adhesive because it was a required condition of employment. Id. Stewart argues that it was oppressive because there was economic pressure for her to sign it, as her job was contingent on her assent. Id. at 11. She argues that "the arbitration provision contains the element of surprise because she never received a copy thereof." Id.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**   'O'

| Case No. | 2:25-cv-00373-CAS(MAAx) | Date | February 24, 2025 |
|---|---|---|---|
| Title | Collette Rochelle Stewart v. Allstate Insurance Company et al | | |

Stewart argues that the agreement is also substantively unconscionable for several reasons. Id. She contends that the Agreement did not call for a neutral arbitrator, it required waiver of the right to a jury trial if the Agreement were invalidated, and it does not provide information regarding the payment of fees associated with arbitration. Id. at 12. With regard to fees, she argues that when arbitration is made mandatory by an employer, "'the arbitration agreement or arbitration process cannot generally require the employee to bear any type of expense that the employee would not be required to bear if he or she were free to bring the action in court." Id. at 13 (quoting Armendariz v. Found. Health Psychcare Servs., Inc., 24 Cal. 4th 83, 110 (2000)). Stewart argues that because the Agreement does not specify that Allstate will pay all costs associated with the arbitration, it thus "suggests that [she] will have to pay her half of the arbitrator's fees," which is a basis for substantive unconscionability. Id.

Stewart argues that Allstate also misleads the Court with its contention that dismissal is the proper remedy, when in fact a stay would be the proper remedy should the Court find the Agreement enforceable. Id. at 13-14. Finally, Stewart argues that Allstate failed to comply with its obligation pursuant to Local Rule 7.3 to meet and confer in good faith in advance of filing its motion to compel. Id. at 14.

In reply, Allstate argues that evidence shows that the electronic signature on the Agreement is Stewart's. Reply at 1. Allstate argues that Stewart's contention that she does not recall receiving and signing the Agreement is insufficient to carry her burden to create a factual dispute. Id. at 2. Allstate contends that Stewart's argument that she did not access the portal "simply does not make sense" because "she was in fact onboarded as an employee, received portal generated identification numbers, electronically signed documents, including the [Agreement], and pursuant to which she began working at Allstate." Id. Allstate details the onboarding process, and the unique identifiers generated for Stewart in completing her forms, to which only she would have had access. Id. at 2-3. Accordingly, Allstate argues that the evidence demonstrates that the Agreement "was electronically signed on December 16, 2021 via eSign, and that it could … only have been [Stewart] who signed it." Id. at 4.

Allstate also argues that the Agreement is neither procedurally nor substantively unconscionable. Id. Allstate argues that procedural unconscionability is not established by the mere existence of an adhesion contract, rather a plaintiff must also show oppression and surprise. Id. The Agreement, Allstate argues, is standard and "clearly

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**  'O'

| Case No. | 2:25-cv-00373-CAS(MAAx) | Date | February 24, 2025 |
|---|---|---|---|
| Title | Collette Rochelle Stewart v. Allstate Insurance Company et al | | |

explains its terms and effects," which Stewart "had a meaningful opportunity to review … as part of her onboarding process." Id. at 4-5. Allstate argues that the Agreement formation, therefore, was not procedurally unconscionable because there was no oppression or surprise. Id. at 5. The Agreement was also not substantively unconscionable, Allstate contends, as it provides all procedural protections required by law." Id. at 6. Allstate argues that the Agreement provides for a neutral arbitrator, provides for written decisions, preserves remedies available in court and right to counsel, provides for summary judgment procedures, and maintains the statute of limitations. Id. Allstate argues that costs of arbitration are fairly allocated as "[e]ach party bears its own attorney's fees as they would in court" and "there is no prohibited fee-splitting arrangement that might deter an employee from pursuing claims." Id. The obligations under the Agreement, Allstate argues, are mutual. Id. Accordingly, Allstate argues, the Agreement should be enforced. Id.

The Court first addresses Stewart's argument that the Agreement is invalid is based on her contention that she did not electronically or physically sign the Agreement. Opp. at 6. The party seeking arbitration bears the burden of proving an agreement to arbitrate exists, a question interpreted by the Court through the application of state-law contract interpretation principles, "'while giving due regard to the federal policy in favor of arbitration.'" Guo v. Louis Vuitton USA, Inc., No. 23-cv-07675-JAK-PVCx, 2024 WL 3446347, at *3 (C.D. Cal. Jan. 23, 2024) (quoting Wagner v. Stratton Oakmont, Inc., 83 F.3d 1046, 1049 (9th Cir. 1996)) (citing Ruiz v. Moss Bros. Auto Grp., 232 Cal. App. 4th 836, 842 (2014)). Pursuant to California law, a party moving to compel arbitration bears the initial burden of alleging there was an agreement, shifting the burden to the opposing party "to identify a factual dispute as to the agreement's existence—in this instance, by disputing the authenticity of their signatures," through admissible evidence. Iyere v. Wise Auto Grp., 87 Cal. App. 5th 747, 755 (2023), review denied (Apr. 26, 2023) (internal citations omitted). If a factual dispute is so created, the burden shifts "back to the arbitration proponent, who retains the ultimate burden of proving, by a preponderance of the evidence, the authenticity of the signature. Id. (citing Espejo v. Southern California Permanente Medical Group, 246 Cal. App. 4th 1047, 1060 (2016).

The Court finds that Allstate has met its initial burden by attaching the Agreement to its motion. Stewart contends that she does not recall receiving and signing the Agreement, that she received a link to a portal to complete onboarding documents but that the link provided to her … did not work at all," and that "throughout her tenure with

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**      **'O'**

| Case No. | 2:25-cv-00373-CAS(MAAx) | Date | February 24, 2025 |
|---|---|---|---|
| Title | Collette Rochelle Stewart v. Allstate Insurance Company et al | | |

Allstate, [she] was never able to log into the portal and never received instructions on how to do so." Id. at 7. She argues that Allstate is therefore required to provide evidence that the signature is in fact hers. Id. For these contentions, Stewart relies on her own declaration, an email exchange wherein she seemingly reported her portal access issues, and an email inviting her to complete the Agreement in the portal. Dkt. 11-1. While this evidence is admissible, the Court is skeptical that it is sufficient to create a dispute of fact.

Even so, assuming that the burden was shifted back to Allstate by the provision of this evidence, the Court concludes that Allstate has established the authenticity of the signature by a preponderance of the evidence. Allstate relies on the declaration of Bastian Pope, Director of Workforce Technology & Strategic Program Management at Allstate, to explain the onboarding process and explains that Stewart would have had to proceed through a set sequence of documents, none of which could be skipped, and that once she accepted the employment offer, a "unique candidate identification number was generated for her." Reply at 2. Using this identification number, Allstate contends, Stewart would have electronically signed each document and could not have accessed the documents without the identification number, which she could only have gotten through the online onboarding process. Id. at 3. Allstate argues that at the end of the process, an employee identification number was generated for Stewart, which could not have happened without her completing each preceding step. Id. Because each of these steps was completed in Stewart's case, and she could only have accessed them through the portal and could only have reached the end of onboarding by signing the Agreement, the Court concludes that Allstate has established by a preponderance of the evidence that Stewart signed the Agreement.

The Court does not reach Stewart's argument about whether an agreement could be implied in fact in these circumstances, because the Court concludes that Allstate has established by a preponderance of the evidence that Stewart signed the Agreement. Opp. at 7-8.

Stewart also argues that even if the Court concludes that she signed the Agreement, it should not be enforced because it is unconscionable. Opp. at 9. Courts apply state contract law to determine the enforceability of an arbitration agreement. Pokorny v. Quixtar, 601 F.3d 987, 994 (9th Cir. 2010). Procedural and substantive unconscionability "must both be present in order for a court to exercise its discretion to refuse to enforce a

**CIVIL MINUTES – GENERAL**     'O'

| Case No. | 2:25-cv-00373-CAS(MAAx) | Date | February 24, 2025 |
|---|---|---|---|
| Title | Collette Rochelle Stewart v. Allstate Insurance Company et al | | |

contract or clause under the doctrine of unconscionability." Armendariz, 24 Cal. 4th at 114. Procedural unconscionability requires the Court to look at "the equilibrium of bargaining power between the parties and the extent to which the contract clearly discloses its terms." Cir. City, 279 F.3d at 893 (citing Stirlen v. Supercuts, Inc., 51 Cal.App.4th 1519, 1532 (1997)). Determining substantive unconscionability requires the Court to determine "whether the terms of the contract are unduly harsh or oppressive." Id. These two prongs operate on a sliding scale: greater substantive unconscionability can make up for a lesser showing of procedural unconscionability, and vice versa. Armendariz, 24 Cal. 4th at 89.

Looking first to the issue of procedural unconscionability, the Court finds that the Agreement is at least somewhat procedurally unconscionable. Cir. City Stores, 379 F.3d at 893. The Ninth Circuit has explained procedural unconscionability as follows:

> Procedural unconscionability concerns the manner in which the contract was negotiated and the respective circumstances of the parties at that time, focusing on the level of oppression and surprise involved in the agreement. Ferguson v. Countrywide Credit Indus., Inc., 298 F.3d 778, 783 (9th Cir. 2002); A&M Produce Co. v. FMC Corp., 135 Cal. App. 3d 473 (1982). Oppression addresses the weaker party's absence of choice and unequal bargaining power that results in "no real negotiation." A&M Produce, 186 Cal. Rptr. at 122. Surprise involves the extent to which the contract clearly discloses its terms as well as the reasonable expectations of the weaker party. Parada v. Sup. Ct., 176 Cal. App. 4th 1554 (2009).

Chavarria v. Ralphs Grocery Co., 733 F.3d 916, 922 (9th Cir. 2013). California courts have found that "[a] finding of a contract of adhesion is essentially a finding of procedural unconscionability." Flores v. Transamerica HomeFirst, Inc., 93 Cal. App. 4th 846, 853 (2001)). Indeed, the Ninth Circuit has stated that "a contract is procedurally unconscionable under California law if it is 'a standardized contract, drafted by the party of superior bargaining strength, that relegates to the subscribing party only the opportunity to adhere to the contract or reject it.'" Pokorny v. Quixtar, Inc., 601 F.3d 987, 996 (9th Cir. 2010) (citing Ting v. AT&T, 319 F.3d 1126, 1148 (9th Cir. 2003)). Though a contract of adhesion is procedurally unconscionable under California law, California courts have said that when an arbitration agreement is a condition of employment "there is inherently economic pressure on the employee to accept arbitration," but that "[t]his

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**     'O'

| Case No. | 2:25-cv-00373-CAS(MAAx) | Date | February 24, 2025 |
|---|---|---|---|
| Title | Collette Rochelle Stewart v. Allstate Insurance Company et al | | |

alone is a fairly low level of procedural unconscionability." Cisneros Alvarez v. Altamed Health Servs. Corp., 60 Cal. App. 5th 572, 591 (2021), as modified (Mar. 4, 2021) (citing Serafin v. Balco Properties Ltd, LLC, 235 Cal. App. 4th 165, 174-75 (2015).

Here, the parties agree that the Agreement was a contract of adhesion as Stewart's assent to the Agreement was a prerequisite to her employment. Opp. at 10; Reply at 4. The fact that a contract is one of adhesion, the Ninth Circuit has held, can also establish oppression. Poublon v. C.H. Robinson Co., 846 F.3d 1251, 1260 (9th Cir. 2017) (citing Grand Prospect Partners, L.P. v. Ross Dress for Less, Inc., 232 Cal. App. 4th 1332, 1347-48, as modified on denial of reh'g (Feb. 9, 2015)) (holding that oppression can be established "by showing the contract was one of adhesion or by showing from the 'totality of the circumstances surrounding the negotiation and formation of the contract' that it was oppressive"). The Court concludes that unfair surprise was not present in the formation of the Agreement. Though Stewart argues that she was unfairly surprised by the purported agreement to arbitrate because she had not in fact seen the Agreement, the Court finds, as detailed above, that Allstate has established by a preponderance of evidence that Stewart did sign the Agreement. Opp. at 11. The Court concludes that there was also minimal surprise as to the Agreement's terms because the terms were made clear to Stewart, the Agreement was a separate form, labeled as a "Mutual Arbitration Agreement," rather than incorporated as a provision of a general employment contract making it more likely to be overlooked. See Fouts v. Milgard Mfg., Inc., Case No. 11-cv-06269-HRL, 2012 WL 1438817, at *6 (N.D. Cal. Apr. 25, 2012). In a case such as this one, where there is no indication of oppression or surprise aside from the fact that the Agreement is a contract of adhesion, California courts have held that "'the degree of procedural unconscionability of an adhesion agreement is low, and the agreement will be enforceable unless the degree of substantive unconscionability is high.'" Wright v. JPMorgan Chase Bank N.A., No. 13-cv-9022-DMG-MRWx, 2014 WL 13130330, at *7 (C.D. Cal. Aug. 1, 2014) (quoting Peng v. First Republic Bank, 219 Cal. App. 4th 1462, 1470 (2013) (internal quotation omitted)).

To determine substantive unconscionability, the Court examines the effect of the contract, focusing on mutuality and whether the terms of the agreement "'are so one-sided as to shock the conscience.'" Davis, 485 F.3d at 1075 (quoting Soltani, 258 F.3d at 1043 (internal quotation marks and citations omitted)) (emphasis omitted). Determining whether an agreement is substantively unconscionable requires determining "whether the terms of the contract are unduly harsh or oppressive." Cir. Stores, 279 F.3d at 893

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**        'O'

| Case No. | 2:25-cv-00373-CAS(MAAx) | Date | February 24, 2025 |
|---|---|---|---|
| Title | Collette Rochelle Stewart v. Allstate Insurance Company et al | | |

(internal citation omitted). When determining substantive unconscionability, "[t]he 'paramount' consideration is mutuality," and "'[a]greements to arbitrate must contain at least a modicum of bilaterality to avoid unconscionability.'" Ronderos v. USF Reddaway, Inc., 114 F.4th 1080, 1094 (9th Cir. 2024) (quoting Armendariz, 24 Cal. 4th at 117). Courts often find one-sided provisions to be substantively unconscionable. See, e.g., id. (finding unconscionable a one-sided filing requirements provision and a one-sided "preliminary injunction carve-out"); Armendariz, 24 Cal. 4th at 119 (holding that a one-sides arbitration requirement is unconscionable); Cir. Stores, 279 F.3d at 894-95 (finding substantively unconscionable an agreement that unilaterally required employees to arbitrate claims against their employer).

Here, Stewart claims that the Agreement is substantively unconscionable because it does not require a neutral arbitrator, it states that Stewart waives her right to a jury trial even if the Agreement is deemed unenforceable, and it does not provide information about the payment of fees associated with arbitration, suggesting that Stewart will have to pay half of the arbitrator's fees. Opp. at 12-13. First, the Court concludes that the Agreement does provide for a neutral arbitrator via its provision for arbitration in accordance with the Employment Arbitration Rules and Mediation Procedures of the American Arbitration Association (the "AAA"). Agreement ¶ 9. The Court finds that the Agreement sufficiently sets forth these rules and procedures by proving a phone number to request a copy and a link to where the procedures can be found. Spaeny v. TJX Companies, Inc., No. 21-cv-6649-DMG-MARx, 2022 WL 334186, at *3 (C.D. Cal. Feb. 3, 2022) (citing Lane v. Francis Cap. Mgmt. LLC, 224 Cal. App. 4th 676, 691 (2014)) (finding that Courts have "held sufficient" in the face of a procedural unconscionability challenge a reference to the AAA rules and how to access them online). The rules and procedures found on the AAA website provide that where the parties do not set forth a procedure for selecting an arbitrator, as is the case in this Agreement, the AAA will undertake a procedure resulting in the selection of a neutral arbitrator. AAA, Employment Arbitration Rules & Mediation Procedures, https://www.adr.org/sites/default/files/EmploymentRules_Web_3.pdf, 15 (2023). Accordingly, the Court concludes that the concern about the lack of a neutral arbitrator is unwarranted. The Court finds that similarly, the concern about payment of fees is unfounded. Pursuant to the Employment/Workplace Fee Schedule published on the AAA website, "[t]he company shall pay the arbitrator's compensation unless the individual, post dispute, voluntarily elects to pay a portion of the arbitrator's compensation." AAA, Employment/Workplace Fee Schedule,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**      'O'

| Case No. | 2:25-cv-00373-CAS(MAAx) | Date | February 24, 2025 |
|---|---|---|---|
| Title | Collette Rochelle Stewart v. Allstate Insurance Company et al | | |

https://www.adr.org/sites/default/files/Employment_Workplace_Fee_Schedule_0.pdf, 2 (2024).  In the event that AAA declines the matter, or if the parties agree, the Agreement provides JAMS will be used, and the Court concludes that JAMS Employment Arbitration rules on fees and appointment a neutral arbitrator are in essence identical to the AAA's.  JAMS, JAMS Employment Arbitration Rules & Procedures, https://www.jamsadr.com/rules-employment-arbitration/english (2021).  Accordingly, the Court finds that the concerns about lack of a neutral arbitrator and about Stewart being required to pay a portion of the fees are disposed of by looking to the AAA and JAMS rules referenced in the agreement.

With regard to Stewart's argument about the pre-dispute jury trial waiver, the Court finds that this is not a proper basis for a finding of unconscionability.  Pursuant to the savings clause of the FAA, arbitration agreements can "be invalidated by 'generally applicable contract defenses, such as fraud, duress, or unconscionability,' but not by defenses that apply only to arbitration or that derive their meaning from the fact that an agreement to arbitrate is at issue." Concepcion, 563 U.S. at 339 (quoting Doctor's Associates, Inc. v. Casarotto, 517 U.S. 681, 687 (1996)).  Even if a provision is deemed unconscionable pursuant to California law, therefore, if the defense applies "only to arbitration" or derives its "meaning from the fact that an agreement to arbitrate is at issue," then that determination is pre-empted by the FAA's "'liberal federal policy favoring arbitration.'" Id. at 339-340, 343.  In providing examples of the kinds of unconscionability determinations that "would have a disproportionate impact on arbitration agreements," the Court references "a rule classifying as unconscionable arbitration agreements … that disallow an ultimate disposition by a jury." Id. at 342.  Here, the Agreement disallows disposition by a jury if the Agreement is found to be invalid and does not proceed to arbitration, but the Court concludes that the same logic applies.  Agreement at 1.  Pursuant to California law, a pre-dispute jury trial waiver must be deemed invalid unless it is expressly authorized by statute. In re Cnty. of Orange, 784 F.3d 520, 523 (9th Cir. 2015) (citing Grafton Partners, L.P. v. Superior Court, 36 Cal. 4th 944 (2005)).  The Court concludes that this rule, similar to the Court's example of finding unconscionable agreements to forgo judicially monitored discovery before a dispute arises, which could impact litigation or arbitration, is properly considered pre-empted by the FAA in the context of arbitration because of its "disproportionate impact on arbitration agreements." Concepcion, 563 U.S. at 342. Accordingly, the Court concludes that the pre-dispute waiver of jury trial in the Agreement does not give rise to a finding of substantive unconscionability.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES – GENERAL**     'O'

| Case No. | 2:25-cv-00373-CAS(MAAx) | Date | February 24, 2025 |
|---|---|---|---|
| Title | Collette Rochelle Stewart v. Allstate Insurance Company et al | | |

Having found that the dispute is only of minor procedural unconscionability, under California law and is not substantively unconscionable, the Court concludes that the Agreement as a whole is not unconscionable and that it may be enforced.

Lastly, parties dispute whether dismissal or a stay of the case until arbitration resolves is the appropriate remedy. Mot. at 7; Opp. at 13-14. In reply, Allstate concedes that it does not oppose a stay, though it believes dismissal is appropriate. Reply at 7. The Court concludes that the matter should be stayed, pending the outcome of arbitration.

## V.  CONCLUSION

In accordance with the foregoing, the Court **GRANTS** Allstate's motion to compel arbitration and stays Stewart's claims pending the results of arbitration.

IT IS SO ORDERED.

|  | 00 | : | 03 |
|---|---|---|---|
| Initials of Preparer | | CMJ | |